**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JEFFREY P. DATTO, PH.D,**

    **Plaintiff,**

vs.                                Case No. 4:20-CV-531-AW-MAF

**THE FLORIDA STATE UNIVERSITY
BOARD OF TRUSTEES AND
JOHN DOES 1-5,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a non-prisoner proceeding *pro se,* filed a complaint pursuant to 42 U.S.C. § 1331 and paid the filing fee. ECF No. 1. For the reasons stated below, the case should be dismissed without prejudice for Plaintiff's failure to prosecute his case and failure to comply with court orders or, alternatively, for failing to properly serve Defendants.

**I.    Relevant Procedural History**

Plaintiff initiated this case on **November 9, 2020**, by submitting a complaint against Defendants alleging disability discrimination in college admissions as it related to his application for medical school at Florida State

University (FSU). ECF No. 1. Plaintiff seeks $500,000 in damages due to mental anguish, loss of dignity and reputation; $500,000 in punitive damages, the cost of his application, litigation costs, and any other relief the Court deems appropriate. Id. Plaintiff paid the filing fee in this case.

The Court issued an order directing Plaintiff to serve the Defendants in this case with a copy of the complaint and summons within 90 days after the filing of the complaint in compliance with Fed. R. Civ. P. 4(m). ECF No. 4. Accordingly, service was due no later than **January 26, 2021**. Id. On February 22, 2021, the Court issued an order to show cause directing plaintiff to explain why the Court should not dismiss his case for failure to properly serve Defendants and for failure to comply with the Court's order. ECF No. 6. To date, Plaintiff has failed to provide proof of service and failed to respond to the Court's show cause order. There has been no activity by Plaintiff from the time he initiated this case.

## II. Discussion

### A. Time Limit for Service, Fed. R. Civ. P. 4(m)

Service of process in the federal courts is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(c)(1) provides, in relevant part:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and

must furnish the necessary copies to the person who makes service.

Service must be conducted within 90 days after the complaint is filed pursuant to Fed. R. Civ. P. 4(m) unless "the plaintiff shows good cause for the failure." Alternatively, the court may exercise discretion and extend the time for service even absent a showing of good cause. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted).

Here, Plaintiff was required to serve Defendants by January 26, 2021, and has failed to do so. Plaintiff has also failed to respond to the Court's order to show cause for his failure to properly serve Defendants. Dismissal is appropriate.

B. Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes

the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint which has not been served upon Defendants and where Plaintiff has failed to respond to the Court's order to show cause. The Court advised Plaintiff that failure to follow Court orders could result in a recommendation of dismissal. ECF No. 6.

## III.  Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint be DISMISSED without prejudice for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and pursuant to Fed. R. Civ. P. 4(m) for failure to properly serve Defendants and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an

order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida on March 5, 2021.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).